IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LOUIS CHARLES SHEPTIN, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION H-07-382 |
| § | | |
| DR. CUBB, § | | |
| Defendant. § | | |

MEMORANDUM AND ORDER ON DISMISSAL

While confined in the Federal Detention Center ("FDC") in Houston, Texas, plaintiff filed an emergency complaint, alleging that Dr. Cubb retaliated against him because Dr. Cubb's colleague settled a lawsuit with plaintiff in 2001 and plaintiff is Jewish. (Docket Entry No.1). Plaintiff sought an immediate restraining order against Dr. Cubb and an order directing Dr. Cubb to restore all medication prescribed by plaintiff's cardiologist. (*Id.*). Plaintiff also sought compensatory and punitive damages. (*Id.*). Shortly thereafter, plaintiff filed a supplement to the complaint, alleging that Dr. Cubb changed plaintiff's medication in contravention of the orders given by plaintiff's cardiologist. (Docket Entry No.4). Plaintiff sought an emergency hearing and/or the arrest of Dr. Cubb on grounds of attempted murder. (*Id.*). Days later, plaintiff placed an emergency phone call to this Court, alleging that during a stay in a local hospital he had been released from the FDC without shoes and clothing. No written motions were filed and the Court did not address or enter an order on any oral pleading. The Court was later informed that plaintiff had been provided clothing, shoes, money, and bus ticket to Chicago, Illinois.

Plaintiff also filed an application to proceed *in forma pauperis* but he did not attach a certified copy of his trust fund account statement. (Docket Entry No.2).

Plaintiff has now filed an amended complaint without the court's approval. (Docket Entry No.7). Plaintiff has also submitted a second application to proceed *in forma pauperis*. (Docket Entry No.6). Plaintiff indicates that he is no longer incarcerated. (*Id.*).

For the reasons to follow, the Court will deny plaintiff's application to proceed *in forma pauperis* and dismiss this case without prejudice.

The Court notes that plaintiff is an experienced litigator, having filed over eighty law suits in federal courts.[1] Even though plaintiff is no longer incarcerated, the filing-fee provisions of the Prison Litigation Reform Act still apply. *See Gay v. Texas Department of Corrections State Jail Div.*, 117 F.3d 240, 241 (5th Cir. 1997) (holding "that a person who files a notice of appeal is subject to the filing-fee requirements of the PLRA despite subsequent release from prison"). Under the PLRA, a prisoner cannot file a civil action *in forma pauperis* in federal court if, on three or more prior occasions, while incarcerated, he brought an action that was dismissed for being frivolous, malicious, or failing to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). The only exception to revocation of an inmate's privilege to proceed *in forma pauperis* is if he is in immediate danger of serious physical harm. *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). Plaintiff's complaint does not indicate that he is in any such danger.

Plaintiff's litigation history reveals that he falls within the provisions of section 1915(g). *See Sheptin v. U.S.*, Civil Action No.1:99cv8459, 2000 WL 1269360 (N.D.Ill. Dec. 5, 2000) (re-designating habeas action as civil rights complaint and granting "Sheptin's motion to proceed *in forma pauperis* . . . that even though Sheptin had 'struck out' under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), his allegation that he was in imminent danger of serious physical harm was sufficient under the statute to except this case from the PLRA's statutory bar against further

---

[1] *See* http://pacer.uspci.uscourts.gov/dgi-bin/disp_age.pl?id=32031&st=1&puid=01175110439

lawsuits"). In addition, the Court has found two other lawsuits that plaintiff filed in federal courts while incarcerated in prison or a detention facility that have been dismissed as either frivolous, malicious, or for failure to state a claim upon which relief may be granted.[2]

Accordingly, it is ORDERED that this complaint is DISMISSED under 28 U.S.C. § 1915(g). All pending motions are further DENIED and plaintiff's amended complaint is STRICKEN.

The Clerk will provide a copy of this order to the plaintiff and a copy by facsimile transmission, regular mail, or e-mail to the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

Signed at Houston, Texas, this 18th day of April, 2007.

                                                  MELINDA HARMON
                                                  UNITED STATES DISTRICT JUDGE

---

[2] *See Sheptin v. Tippit*, Civil Action No.0:1999cv499 (MN May 27, 1999) (frivolous); *Sheptin v. Christus Santa Rosa Hosp.*, Civil Action No.5:2007cv96 (W.D. Tex. Mar. 13, 2007) (frivolous).